```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA
                   Civil No. 12-2804(DSD/SER)
```

ANNEX MEDICAL, INC., STUART
LIND and TOM JANAS,

        Plaintiffs,

v.                                                          **ORDER**

KATHLEEN SEBELIUS, in her official
capacity as Secretary of the United
States Department of Health and
Human Services; HILDA SOLIS, in her
official capacity as Secretary of
the United States Department of Labor;
TIMOTHY GEITHNER, in his official
capacity as Secretary of the United States
Department of the Treasury; UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN SERVICES;
UNITED STATES DEPARTMENT OF LABOR;
and UNITED STATES DEPARTMENT OF THE
TREASURY,

        Defendants.


This matter is before the court upon the motion for preliminary injunction pending appeal by plaintiffs Annex Medical, Inc. (Annex) and Stuart Lind. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

On November 21, 2012, plaintiffs filed a motion for preliminary injunction, arguing that certain provisions of the Patient Protection and Affordable Care Act violate their rights under the Religious Freedom Restoration Act. On January 8, 2013, the court denied the plaintiffs' motion. See ECF No. 37. In response, on January 11, 2013, plaintiffs appealed the January 8,

2013, order to the Eighth Circuit. See ECF No. 39. On that same day, plaintiffs also filed a motion for preliminary injunction pending appeal with this court, pursuant to Federal Rule of Appellate Procedure 8(a)(1)(C). In response, the court orally issued an expedited briefing schedule and determined that oral argument was unnecessary. See Fed. R. Civ. P. 78(b).

"A party must ordinarily move first in the district court for ... an order ... granting an injunction while an appeal is pending." Fed. R. App. P. 8(a)(1)(C). For the issuance of an injunction pending appeal, plaintiff "must meet the requirements outlined in Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109 (8th Cir. 1981)." Shrink Mo. Gov't PAC v. Adams, 151 F.3d 763, 764 (8th Cir. 1998). In the present action, plaintiffs raise no new arguments under Dataphase.[1] Therefore, the court incorporates its analysis from the January 8, 2013, order and determines that a

---

[1] Plaintiffs do argue, however, that the court's January 8, 2013, order improperly interpreted the Eighth Circuit's stay pending appeal in O'Brien v. U.S. Department of Health & Human Services, No. 12-3357 (8th Cir. Nov. 28, 2012). Specifically, plaintiffs argue that a likelihood of success exists because the *practical effect* of the Eighth Circuit's stay in O'Brien is tantamount to a preliminary injunction. As previously explained, however, the one-sentence motions panel decision can also be interpreted as staying the enforcement of the judgment of the district court pending appeal. This notion is confirmed by the fact that the Eighth Circuit issued a stay pending appeal, despite the plaintiffs styling the motion as one for preliminary injunction and briefing the motion under Dataphase. As a result, the court is still of the belief that O'Brien does not necessitate a finding that plaintiffs have established a likelihood of success on the merits in the underlying action.

2

balancing of the Dataphase factors counsels against injunctive relief. Accordingly, **IT IS HEREBY ORDERED** that plaintiffs' motion for preliminary injunction pending appeal [ECF No. 45] is denied.

Dated: January 17, 2013

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court